USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROUSAY HOLDINGS LTD, ROLAND LINDE
and APOLLO VIEW LTD.,

                Plaintiffs,

v.

ELRAY RESOURCES, INC and ANTHONY BRIAN
GOODMAN,

                Defendants.
------------------------------------------------------------X

Index No. 12-CV-06470 (HB)

STIPULATION ~~AND ORDER~~ OF SETTLEMENT, and order of dismissal /HB/

     It is hereby stipulated and agreed by and between Defendant Elray Resources, Inc. ("Elray") and Plaintiffs Rousay Holdings Ltd ("Rousay"), Roland Linde ("Linde"), and Apollo View Ltd. ("Apollo") (collectively "the Plaintiffs"), as follows:

     WHEREAS:

     (A)    Plaintiffs commenced the above-captioned action on August 24, 2012 (the "Action") against Elray and Anthony Brian Goodman, an officer and director of Elray (collectively "Defendants");

     (B)    In its complaint in the Action ("Complaint"), Plaintiffs have asserted various claims against Defendants;

     (C)    Defendants deny any liability to Plaintiffs and have asserted defenses based on lack of jurisdiction, among other things; and

     (D)    Plaintiffs and Defendants believe that it would be in their respective best interests to settle all controversies between them on the terms set forth herein.

     NOW, THEREFORE, in consideration of the premises, the parties agree as follows:

     1.   [order of dismissal] Within one (1) day of the execution of this Stipulation [Settlement and] ~~and Order of Settlement~~ ("Stipulation") by the Court, counsel for the Defendants, Leader & Berkon LLP ("L&B"), shall transfer the sum of US$ 900,336.89, presently held in escrow, together with all interest earned thereon, if any (the "Escrow Amount") to the account of counsel for the Plaintiffs, Novack Burnbaum Crystal LLP ("NBC"), and the Escrow Amount shall thereupon be released for all purposes to Plaintiffs.

     2.    Upon the transfer by L&B of the Escrow Amount to NBC,

(a) the temporary restraining order ("TRO") issued by the Court pursuant to the Court's August 24, 2012 Order to Show Cause With Temporary Restraining Order shall be deemed vacated; and

(b) the Action shall be dismissed pursuant to the terms of this Stipulation ~~and counsel for the parties shall prepare and submit to the Court any document required in connection therewith.~~

3. Within three (3) days of the execution of this Stipulation by the Court, Elray shall disclose to Rousay the amounts disbursed from funds (totaling approximately $1.1 million) previously provided to Elray by Plaintiffs that are not being held in escrow. Such disclosure shall include business records indicating such transfers as well as bank statements and shall identify the parties to whom such transfers or disbursements were made and the amount of each disbursement to such party.

4. Within five (5) days of the execution of this Stipulation,

(a) the Promissory Note ("Original Note") from Elray to Rousay, dated April 25, 2012, shall be cancelled and a new promissory note prepared (the "New Note"), in the form and containing the provisions of Exhibit A annexed hereto, which shall include the following terms:

    (i) the principal sum due shall be US$1,290,000 (the "Principal Sum");

    (ii) the New Note shall be made on the date of this Stipulation;

    (iii) the maturity date of the New Note shall be April 26, 2013 and the interest rate shall be twenty (20%) percent but interest shall only be due with respect to the amount of US$1.2 million. In other words, no interest shall be due with respect to the remaining $90,000;

    (iv) Rousay shall have the option on the Maturity Date of receiving an amount of restricted common stock of Elray issued pursuant to Rule 144 equal to 10% of the then issued and outstanding common stock of Elray; and

    (v) the New Note shall be governed by the laws of Nevada as provided in Exhibit A, it being the intention of the parties that the New Note comply in all respects with the laws, including but not limited to the laws relating to usury and usurious transactions, of the State of Nevada. It is therefore agreed that, to the extent that any provision of the New Note might or would violate any such laws, it will be thereafter modified to be in compliance with such laws by reducing the amount of interest due under the New Note to an amount that would not violate such laws.

(b) Elray shall issue to Rousay, an amount of Elray's common stock equal to ten (10%) percent of the issued and outstanding common stock of Elray as of the date of this Stipulation (the "Stock"), which shall be restricted stock issued under Rule 144. Plaintiffs assign all voting rights to Elray's Board of Directors during the restricted period. Elray specifically agrees that at the end of the restricted period Elray shall cooperate in all respects in arranging for

2

the registration of the Stock including but not limited to providing an opinion of counsel that the Stock is entitled to be registered at that time or is exempt from the requirement of registration.

5. Until Rousay has been paid by Elray the full amounts due to it under the New Note:

(a) Elray shall pay to Rousay 50% of all income (including any monies recovered as a result of the litigation commenced or to be commenced against the Macau Consortium but excluding capital raised from other lenders, banks or investors of Elray) which Elray receives from any source whatsoever, in reduction of the Principal Sum and/or amounts due to Rousay under the New Note, provided, however, that any such capital raised shall be raised on the explicit written understanding that the repayment obligation with respect thereto shall arise after the Maturity Date in the New Note.;

(b) Elray shall not repay any loans due to (i) Brian Goodman or any entity or person he controls, (ii) any other director of Elray, or (iii) any other shareholders of Elray (unless such loans have been disclosed in a 10Q filed prior to the date of this Stipulation), without the prior written consent of Plaintiffs;

(c) To the extent permitted by law, Elray shall not seek the protection of the United States Bankruptcy Court (including but not limited to filing for judicial protection under Chapter 11 of the United States Bankruptcy Code) on account of monies which it owes to Rousay under the New Note;

(d) Linde shall be entitled to examine the books and records of Elray including but not limited to Elray's financial records and bank statements upon reasonable notice.

6. It is understood that Elray and Goodman are simultaneously with the execution of this Stipulation conducting settlement negotiations with Lao Sio I and others in relation to various claims that Elray has against Lao Sio I, and others (collectively the "Macau Consortium") and that the Macau Consortium has against Goodman and Elray and that, in connection therewith, legal action may be taken by Defendants in Macau and Hong Kong, China. In this regard, in the event that:

(a) Defendants reach a settlement with the Macau Consortium, all monies (to the extent inconsistent, the limitation in para. 5(a) above shall not apply to this provision) received by any of the Defendants under and/or pursuant to such settlement will first be applied to Elray's indebtedness to Rousay under the New Note and any settlement agreement shall provide that all amounts due thereunder shall be paid directly to NBC, as counsel for Plaintiffs, until the full amount due Rousay is paid, or, failing that, Defendants shall, immediately upon receipt of any such funds, pay all amounts due to Rousay as aforesaid, to NBC, as counsel; or

(b) Defendants fail to reach a settlement with the Macau Consortium, then Rousay agrees to lend and advance up to US$100,000 ("Rousay's $100,000") to Elray to assist Elray in paying its direct legal expenses thereafter incurred in litigation commenced on behalf of Elray and/or Golden Match in Macau or Hong Kong, China, against the Macau Consortium which seeks to recover monies due to Elray under Golden Match's agreement with CALI, dated April 25, 2012. Such funds and shall be disbursed upon presentation and review by NBC of invoices

3

for legal fees and expenses incurred in China and is subject to Elray's proof of payment of an equal amount of legal fees and expenses incurred in connection with its litigation against the Macau Consortium in the United States or China. Any amounts paid by Rousay shall be repaid out of any recovery from the Macau Consortium, whether by settlement or judgment, without interest.

7. As long as Elray is not in default hereunder, Goodman shall be entitled to continue to draw up to US$15,000 per month from Elray as salary and to be reimbursed by Elray for out-of-pocket expenses not to exceed $5000.00 per month without prior approval by Rousay.

8. (Intentionally omitted).

9. All of the agreements and representations hereunder by Elray are material and the breach of any of them shall entitle Plaintiffs to seek any legal or equitable remedy, including injunctive relief. This Court specifically retains jurisdiction to consider and enter any such relief.

10. Plaintiffs and Elray represent and warrant to each other that each of them has full power and authority to execute and deliver this Stipulation, this Stipulation has been duly authorized, executed and delivered and constitutes a valid and binding obligation of the party delivering it, and no consent or approval is required by any other person or entity in order for such party to enter into, deliver and carry out the provision of this Stipulation. Linde further represents that he has full power and authority to bind Rousay and Apollo to the terms hereof. Goodman represents that he has full power and authority to bind Elray to the terms of this Stipulation.

11. This Stipulation and all negotiations, statements and proceedings in connection therewith shall not in any event be construed, or deemed to be evidence of, an admission or concession on the part of any party, or any other person, of any liability or wrongdoing by them, or any of them or as to any claim alleged or asserted, and shall not be construed, offered or received as such evidence in any action or proceeding, of any nature, or as evidence that any person has suffered any damage as a result, except in an action to enforce the terms and conditions of this Stipulation.

12. The parties each agree to perform any further acts or execute and deliver any additional documents that may be reasonably necessary to carry out the provisions and intent of this Stipulation.

12. The parties hereto understand and agree that the mutual covenants and other terms set forth in this Stipulation represent the entire and only consideration of this Stipulation and it is intended by the parties that this Stipulation shall be complete and shall not be subject to any claim of mistake of fact or law by any party, and that this Stipulation constitutes the full, final and complete understanding of the parties hereto, and all prior negotiations and oral agreements are merged herein.

13. The parties hereto represent that they have each been represented by counsel in connection with the preparation and review of this Stipulation, that they have specifically

discussed with such counsel the meaning and effect of this Stipulation, and that they have carefully read and understood the scope and effect of each provision of this Stipulation.

14. The parties hereto understand and agree that each shall be responsible for its or their own attorneys' fees and any costs associated with their claims or the Action.

15. The terms and conditions of this Stipulation may not be waived, changed, amended, modified or otherwise altered except in writing executed by the party against which such amendment, modification, alteration or waiver is sought to be enforced.

16. This Stipulation of Settlement shall be construed and interpreted in accordance with the laws of the State of New York.

17. With respect to any claim under this Stipulation, Elray (i) irrevocably submits to the exclusive personal jurisdiction of the State or Federal Courts located in the State of New York, County of New York, (ii) irrevocably waives any objection that it may have to the venue of any such suit, (iii) irrevocably waives any claim that such suit, action or proceeding has been brought in an inconvenient forum, (iv) irrevocably waives the right to object that such court does not have jurisdiction over Elray, and (v) irrevocably waives any right to a trial by jury.

18. This Stipulation may be signed in any number of counterparts, each of which shall be an original for all purposes, but all of which taken together shall constitute only one agreement. This Stipulation may be executed and delivered by exchange of facsimile copies showing the signatures of the parties hereto, subject to originally signed copies of this Stipulation of Settlement being promptly exchanged between the parties.

19. In case any term, condition or other provision contained in this Stipulation shall be held to be invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not affect any other term, condition or provision contained in this Stipulation.

20. Any notices required to be given hereunder must be in writing and may be served in person or by overnight mail upon the respective parties as follows (or to such other addresses as may hereafter be designated):

if to Plaintiffs, to:

> Novack Burnbaum Crystal, LLP
> 300 East 42nd Street
> New York, NY 10017
> Attn: Howard C. Crystal, Esq.
> Tel: (212) 682-4002
> Fax: (212) 986-2907

if to Elray, to

> Leader & Berkon
> 630 Third Avenue
> New York, NY 10017

        Attn: S. Alyssa Young, Esq.
        Telephone: (212) 486-2400
        Facsimile: (212) 486-3099

21.    This Stipulation shall inure to the benefit of and shall be binding upon the parties hereto and their respective legal representatives, successors, and assigns.

22.    Nothing in this Stipulation, express or implied, is intended to confer on any person other than the parties hereto, or their respective legal representatives, successors, and assigns, any rights, remedies, obligations, or liabilities.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of October 8, 2012.

ELRAY RESOURCES, INC.

By: _____
    Brian Goodman

APPOINT VIEW LTD.

By: _____
    Roland Linde

ROUSAY HOLDINGS LTD.

By: _____
    Roland Linde

_____
Roland Linde, Individually

As to the paragraph 6(b) only:

LEADER & BERKON LLP

By: _____
    S. Alyssa Young, Esq.

630 Third Avenue
New York, NY 10017
Telephone: (212) 486-2400
Facsimile: (212) 486-3099

*Attorneys for Defendants
Elray Resources, Inc. and Brian
Goodman*

NOVACK BURNBAUM CRYSTAL LLP

_____
Howard C. Crystal, Esq.

300 East 42nd Street, 10th Floor
New York, NY 10022
Telephone: (212) 682-4002

*Attorneys for Plaintiffs*

SO ORDERED:

_____
Hon. Harold Baer, Jr.

6

Attn: S. Alyssa Young, Esq.
Telephone: (212) 486-2400
Facsimile: (212) 486-3099

21.   This Stipulation shall inure to the benefit of and shall be binding upon the parties hereto and their respective legal representatives, successors, and assigns.

22.   Nothing in this Stipulation, express or implied, is intended to confer on any person other than the parties hereto, or their respective legal representatives, successors, and assigns, any rights, remedies, obligations, or liabilities.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of October 8, 2012.

ELRAY RESOURCES, INC.

By: _____
     Brian Goodman

APPOLLO VIEW LTD.

By: _____
     Roland Linde

ROUSAY HOLDINGS LTD.

By: _____
     Roland Linde

_____
Roland Linde, Individually

As to the paragraph 6(b) only:

LEADER & BERKON LLP

By: _____
     S. Alyssa Young, Esq.

630 Third Avenue
New York, NY 10017
Telephone: (212) 486-2400
Facsimile: (212) 486-3099

*Attorneys for Defendants*
*Elray Resources, Inc. and Brian Goodman*

NOVACK BURNBAUM CRYSTAL LLP

_____
Howard C. Crystal, Esq.

300 East 42nd Street, 10th Floor
New York, NY 10022
Telephone: (212) 682-4002

*Attorneys for Plaintiffs*

The Clerk is directed to close this matter & remove it from my docket.

SO ORDERED: _____ 10/11/12
             Hon. Harold Baer, Jr.

6

Attn: S. Alyssa Young, Esq.
Telephone: (212) 486-2400
Facsimile: (212) 486-3099

21. This Stipulation shall inure to the benefit of and shall be binding upon the parties hereto and their respective legal representatives, successors, and assigns.

22. Nothing in this Stipulation, express or implied, is intended to confer on any person other than the parties hereto, or their respective legal representatives, successors, and assigns, any rights, remedies, obligations, or liabilities.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of October 8, 2012.

ELRAY RESOURCES, INC.

By: _____
    Brian Goodman

APPORT VIEW LTD.

By: _____
    Roland Linde

ROUSAY HOLDINGS LTD.

By: _____
    Roland Linde

_____
Roland Linde, individually

As to the paragraph 6(b) only:

LEADER & BERKON LLP

By: _____
    S. Alyssa Young, Esq.

630 Third Avenue
New York, NY 10017
Telephone: (212) 486-2400
Facsimile: (212) 486-3099

*Attorneys for Defendants
Elray Resources, Inc. and Brian
Goodman*

NOVACK BURNBAUM CRYSTAL LLP

_____
Howard C. Crystal, Esq.

300 East 42nd Street, 10th Floor
New York, NY 10022
Telephone: (212) 682-4002

*Attorneys for Plaintiffs*

SO ORDERED:

_____
Hon. Harold Baer, Jr.

6

# EXHIBIT A

## PROMISSORY NOTE

$1,290,000.00                                                                                                October 8, 2012

For value received, Elray Resources, Inc. ("Elray") hereby promises to pay to the order of Rousay Holdings Ltd. ("Rousay"), in lawful money of the United States of America, the principal sum of One Million Two Hundred Ninety Thousand Dollars ($1,290,000.00) ("Principal"), together with interest at the rate of twenty percent (20.0%) per annum, on the amount of One Million Two Hundred Thousand Dollars ($1,200,000) in accordance with the following terms and conditions:

Principal together with all interest accrued thereon shall be due and payable, in full, on April 26, 2013 ("Maturity Date").

After the occurrence of an Event of Default, any unpaid principal shall bear interest from and including the date of such Event of Default until all amounts due under this Note are paid in full at a rate per annum equal to the Default Rate, such interest to be payable on demand. The entire Principal, together with any accrued and unpaid interest and any other amounts due hereunder, shall be due and payable on the Maturity Date.

All payments hereunder shall be made in lawful money of the United States and in immediately available funds. Elray waives presentment, notice of dishonor, protest and any other notice or formality with respect to this Note.

1. **Definitions.** The terms listed below shall be defined as follows:

"Banking Day" shall mean any day on which commercial banks are not authorized or required to close in New York City.

"Default Rate" means a rate per annum equal to the highest interest rate permitted by law, not to exceed 25%.

"Event of Default" means an event described in Section 7.

"Maturity Date" means April 26, 2013.

2. **Manner of Payment.** Elray absolutely and unconditionally promises to pay principal, interest and all other amounts payable hereunder. All payments made by Elray shall be made by wire transfer on the date when due in U.S. Dollars, in immediately available funds to the account of counsel for Rousay, Novack Burnbaum Crystal LLP ("NBC") Whenever any payment hereunder shall be stated to be due or shall become due and payable on a day other than a Banking Day, the due date thereof shall be extended to, and such payment shall be made on, the next succeeding Banking Day, and such extension of time in such case shall be

included in the computation of payment of any interest (at the interest rate then in effect during such extension) and/or fees, as the case may be.

3. **Interest.** In the event that there is an Event of Default and the Default Rate applies then interest on the Principal shall be calculated on the basis of a three hundred sixty (360) day year and paid for the actual number of days elapsed for any whole or partial month in which interest is being calculated.

4. **Prepayments.** Elray shall have the right to make prepayments of Principal, in whole or part at any time or from time to time. Any prepayment shall first be applied to accrued interest, then to Principal.

5. **Lawful Limits.** Under no circumstances whatsoever, whether by reason of acceleration or otherwise, shall the interest and other fees and charges paid or agreed to be paid to Rousay for the use, forbearance or detention of money hereunder exceed the maximum rate permissible under applicable law which a court of competent jurisdiction shall, in a final determination, deem applicable. If, due to any circumstance whatsoever, fulfillment of any provision hereof, at the time performance of such provision shall be due, shall exceed any such limit, then the obligation to be so fulfilled shall be reduced to such lawful limit and, if Rousay shall have received interest or any other charges of any kind which might be deemed to be interest under applicable law in excess of the maximum lawful rate, then such excess shall be applied first to any unpaid fees and charges hereunder (which do not exceed such limit), then to the Principal hereunder, and if the then remaining excess interest is greater than the Principal, Rousay shall promptly refund such excess amount to Elray and the provisions hereof shall be deemed amended to provide for such permissible rate. In determining whether or not the interest paid or payable, under any specific contingency, exceeds the highest lawful rate, Elray and Rousay shall, to the maximum extent permitted under applicable law, (a) characterize any non-principal payment as an expense, fee, or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, and (c) "spread" the total amount of interest throughout the entire term of this Note so that the interest rate does not exceed the highest lawful rate of interest. The terms and provisions of this Section 5 shall control to the extent any other provision of this Note is inconsistent.

6. **Representations.** Elray represents and warrants that:

(a) this Note constitutes the legal, valid and binding obligation of Elray, enforceable against Elray in accordance with its terms, except as the enforcement hereof may be limited by bankruptcy, insolvency, or other similar laws affecting the enforcement of creditors' rights generally and subject to the applicability of general principles of equity;

(b) the execution, delivery and performance of this Note have been authorized by the Board of Directors of Elray;

(c) the execution, delivery and performance by Elray of the Note and all accompanying documentation contemplated hereby or thereby, do not and will not, to its

2

knowledge, violate any provision of any law, rule, regulation, order, writ, judgment, injunction, decree, determination or award presently in effect having applicability to Elray;

        (d)    no consent, approval or authorization of, or registration, declaration or filing with, any governmental authority or other person or entity is required as a condition to or in connection with the due and valid execution, delivery and performance by Elray of this Note; and

        (e)    there are no actions, suits, investigations or proceedings pending or threatened at law, in equity, in arbitration or by or before any other authority (except the pending dispute with the Macau Consortium previously disclosed to Rousay, and any other items disclosed in Elray's public filings) involving or affecting: (i) Elray that, if adversely determined, are likely to have a material adverse effect on the prospects or condition of Elray; or (ii) any material part of the assets or properties of Elray. There are currently no material judgments entered against Elray and Elray is not in default with respect to any judgment, writ, injunction, order, decree or consent of any court or other judicial authority, which default is likely to have or has had a material adverse effect on the prospects or condition of the Elray.

        7.    **Events of Default.** If any of the following events of default shall occur and shall continue for a period of ten (10) days after written notice is given by Rousay to Elray (each an "Event of Default"):

        (a)    Elray shall fail to pay the Principal of, or interest on, this Note, or any other amount payable under this Note, as and when due and payable;

        (b)    any representation or warranty made or deemed made by the Elray in this Note shall prove to have been incorrect in any material respect on or after the date hereof;

        (c)    Elray shall fail to perform or observe any material term, covenant or agreement contained in this Note on its part to be performed or observed including but not limited to the requirements and obligations of Section 4(b) or Elray defaults under the Stipulation and Order dated October , 2012;

        (e)    Elray: (i) shall generally not, or shall be unable to, or shall admit in writing its inability to, pay its debts as its debts become due [except such debts addressed in the Stipulation and Order dated October 9, 2012]; (ii) shall make an assignment for the benefit of creditors, or petition or apply to any tribunal for the appointment of a custodian, receiver or trustee for its or a substantial part of its assets; (iii) shall commence any proceeding under any law relating to bankruptcy, reorganization, arrangement, readjustment of debt, dissolution or liquidation; (iv) shall have had any such petition filed, or any such proceeding shall have been commenced against it, in which an adjudication is made or order for relief is entered or which remains undismissed for a period of 30 days; (v) shall have had a receiver, custodian or trustee appointed for all or a substantial part of its property; or (vi) takes any action effectuating, approving or consenting to any of the events described in clauses (i) through (v);

3

(f) Elray shall dissolve or for any reason cease to be in existence or shall merge or consolidate;

(g) Elray is involved in a proceeding which will likely result in a forfeiture of all or a substantial part of the Elray's assets or a material judgment is entered against the Elray which Elray has no ability to pay;

THEN, Rousay may, by notice to Elray, declare the unpaid Principal, and all other amounts payable under this Note including interest at the Default Rate, due and payable, whereupon the same shall become and be forthwith due and payable without presentment, demand, protest, notice of acceleration or intention to accelerate or further notice of any kind, all of which are hereby expressly waived by Elray, provided that in the case of an event of default described in clause (e) above, the unpaid principal amount of this Note, accrued interest and other amounts payable under this Note shall be immediately due and payable.

8. **Governing Law.** This Note shall be interpreted, construed and enforced according to the laws of the State of Nevada, without regard to the conflicts of law rules or principles, except as required by mandatory provisions of law.

9. **Jurisdiction.** Elray, to the full extent permitted by law, hereby knowingly, intentionally and voluntarily, (a) submits to personal jurisdiction in the State of New York over any suit, action or proceeding by any person arising from or relating to this Note, (b) agrees that any such action, suit or proceeding may be brought in any State or Federal court of competent jurisdiction sitting in the County of New York, State of New York, (c) submits to the jurisdiction of any federal or state court of competent jurisdiction sitting in the County of New York, State of New York, and (d) to the fullest extent permitted by law, agrees that it will bring any action, suit or proceeding in a court of competent jurisdiction located in the County of New York, State of New York and not in any other forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Elray irrevocably (i) waives any objection that it may have to the venue of any such suit, action or proceeding, (ii) waives any claim that such suit, action or proceeding has been brought in an inconvenient forum, and (iii) waives the right to object that such court does not have jurisdiction over it.

10. **Waiver of Jury Trial.** ELRAY HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR IN ANY WAY CONNECTED WITH OR INCIDENTAL TO THE DEALINGS OF THE PARTIES WITH RESPECT TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. ELRAY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ROUSAY MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF ELRAY TO THE WAIVER OF ITS RIGHTS TO TRIAL BY JURY. NOTHING CONTAINED IN

THIS SECTION 10 SHALL PRECLUDE ROUSAY FROM MAKING A MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT IN ACCORDANCE WITH THE NEW YORK CIVIL PRACTICE LAW AND RULES BEFORE A COURT OF COMPETENT JURISDICTION.

11. **Miscellaneous.**

(a) The provisions of this Note are intended to be severable. If for any reason any provision of this Note shall be held invalid or unenforceable in whole or in part in any jurisdiction, such provision shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without in any manner affecting the validity or enforceability thereof in any other jurisdiction or the remaining provisions thereof in any jurisdiction.

(b) No amendment, modification, supplement or waiver of any provision of this Note nor consent to departure by Elray therefrom shall be effective unless the same shall be in writing and signed by Elray and Rousay, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

(c) No failure on the part of Rousay to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof or preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

(d) As used herein, the term Elray shall include all signatories hereto, if more than one. In such event, the obligations, representations and warranties of Elray hereunder shall be joint and several. This Note shall be binding on Elray and its successors and assigns and shall inure to the benefit of Rousay and its successors and assigns, except that Elray may not assign or delegate any of its obligations hereunder without the prior written consent of Rousay. Rousay may assign all or a portion of its rights and obligations under this Note, including but not limited to the right to collect and be paid for any of the amounts due under this Note.

(e) Anything herein to the contrary notwithstanding, the obligations of Elray under this Note shall be subject to the limitation that payments of interest shall not be required to the extent that receipt thereof would be contrary to provisions of law applicable to Rousay limiting rates of interest which may be charged or collected by Rousay.

(f) Unless otherwise agreed in writing, notices shall be given to Rousay and Elray by a reputable overnight delivery service at their street addresses and by email as set forth in the signature page of this Note, or to such other street and email address communicated in writing in such manner by either such party to the other. All notices shall be effective upon receipt.

(g) The obligations of Elray under Sections 9 and 10 hereof shall survive the repayment of the Note.

5

       (h)    Each reference herein to Rousay shall be deemed to include its successors, endorsees, and assigns, in whose favor the provisions hereof shall inure. Each reference herein to Elray shall be deemed to include the successors and assigns of Elray, all of whom shall be bound by the provisions hereof.

       (i)    To the extent that any payment made or received with respect to this Note is subsequently invalidated, determined to be fraudulent or preferential, set aside or required to be repaid to a trustee, debtor in possession, receiver, custodian or any other person under any debtor relief law, common law or equitable cause or any other law, then the obligation intended to be satisfied by such payment shall be revived and shall continue as if such payment had not been received by Rousay.

       12.    **Right to Convert to Shares.**  Notwithstanding the foregoing, Rousay shall have the option on the Maturity Date of receiving an amount of restricted common stock of Elray issued pursuant to Rule 144 equal to 10% of the then outstanding and issued common stock of Elray in lieu of payment of Principal and Interest. Such option shall be exercised upon written notice to Elray at least seven days prior to the Maturity Date.

This instrument has been executed as of the date first above written.

**ELRAY RESOURCES, INC.**

By: _____
Name: Brian Goodman
Title: _____


**Notices to Rousay and Elray:**

    if to Rousay, to:

        Novack Burnbaum Crystal, LLP
        300 East 42nd Street
        New York, NY 10017
        Attn: Howard C. Crystal, Esq.
        Tel: (212) 682-4002
        Fax: (212) 986-2907

if to the Elray, to:

    Leader & Berkon
    630 Third Avenue
    New York, NY 10017
    Attn: S. Alyssa Young, Esq.
    Telephone: (212) 486-2400
    Facsimile: (212) 486-3099